# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JEAN THOMAS MALONE,[1]
      Appellant,

    v.

DEPARTMENT OF THE NAVY,
      Agency.

DOCKET NUMBER
DC-0752-13-1091-I-1

DATE: June 8, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[2]

Jean Thomas Malone, Fredericksburg, Virginia, pro se.

Timothy R. Zelek, Quantico, Virginia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which dismissed the appeal for failure to prosecute. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material

---

[1] Pursuant to 5 C.F.R. § 1201.36(a), this appeal was part of a consolidation. *Marine Corps-Combat Development Program v. Department of the Navy*, MSPB Docket No. DC-0752-15-0256-I-1.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2        On May 29, 2013, the agency proposed to furlough the appellant, a Supervisory Sea Viking Deputy Director, for no more than 11 workdays due to "the extraordinary and serious budgetary challenges facing the Department of Defense (DOD) for the remainder of Fiscal Year (FY) 2013, the most serious of which is the sequester that began on March 1, 2013."  Initial Appeal File (IAF), Tab 4 at 14.  It does not appear that the appellant responded to the proposal notice.  By written notice dated July 1, 2013, the agency's deciding official informed the appellant that he would be furloughed as outlined in the proposal notice.  *Id.* at 11-12.  The record includes evidence reflecting the appellant's furlough, effective July 8, 2013, on 6 days during the furlough period.  *Id.* at 5-7, 10.

¶3        The appellant filed a Board appeal challenging the agency's action, but he indicated that he did not want a hearing.  IAF, Tab 1.  In a furlough procedures order, the administrative judge informed the appellant that his appeal had been

consolidated with the appeals of similarly situated employees. *Marine Corps-Combat Development Program v. Department of the Navy*, MSPB Docket No. DC-0752-15-0256-I-1, Consolidated Appeal File (CAF), Tab 1. Among other things, that order required the appellants to specifically identify the factual bases for any defenses concerning the furlough. *Id.* at 6. The appellant did not file any response to that order.

¶4        On December 22, 2014, the administrative judge ordered any appellant who intended to raise arguments or affirmative defenses that were not already identified to file written notice. CAF, Tab 3 at 5. The order stated that the administrative judge might deem waived any allegations or affirmative defenses not identified. *Id*. The appellant did not respond.

¶5        On January 7, 2015, the administrative judge issued an order directing the parties to participate in a telephonic status conference call on January 29, 2015, at noon, Eastern Standard Time.[3] CAF, Tab 4. That order stated that failure to participate in the conference call may lead to dismissal of the appeal for failure to prosecute or other sanctions. *Id.* The appellant did not participate in the conference call. CAF, Tab 7. After the conference call, the administrative judge ordered the appellants who had failed to participate in the conference call to show good cause why their appeals should not be dismissed for failure to prosecute based on their failure to appear at the conference call or to respond to the December 22, 2014 notice. *Id.* In response to the show cause order, the appellant claimed that the time of the status conference had been changed without notice. IAF, Tab 5. On February 10, 2015, the administrative judge issued an initial decision dismissing the appeal with prejudice for failure to prosecute based on the appellant's failure to show good cause for his not responding to multiple orders or

---

[3] The administrative judge's January 7, 2015 order included a typographical error setting the telephonic status conference call for January 29, 2014. It is clear that the administrative judge intended to schedule the conference call for January 29, 2015.

otherwise not participating in the prosecution of his appeal.  IAF, Tab 6, Initial Decision (ID).

¶6      The appellant has filed a petition for review again arguing that he missed the status conference because he had been informed the conference call would take place later in the day.  Petition for Review (PFR) File, Tab 1.  The agency has filed a response in opposition to the appellant's petition for review.  PFR File, Tab 3.  In its response, the agency asserts that the administrative judge did not change the time of the status conference and the status conference call scheduled for later that day was for a different appellant.  *Id*. at 5.

¶7      The sanction of dismissal with prejudice may be imposed if a party fails to prosecute or defend an appeal.  *Leseman v. Department of the Army*, 122 M.S.P.R. 139, ¶ 6 (2015) (citing 5 C.F.R. § 1201.43(b)).  Such a sanction should be imposed only when:  (1) a party has failed to exercise basic due diligence in complying with Board order; or (2) a party has exhibited negligence or bad faith in its efforts to comply.  *Id.*  Absent an abuse of discretion, the Board will not reverse an administrative judge's determination regarding sanctions.  *Id.*  The Board generally will not dismiss an appeal for failure to prosecute based on a single instance of failure to comply with a Board order.  *See Roy v. Department of the Treasury*, 103 M.S.P.R. 638, ¶ 8 (2006).

¶8      We find that the administrative judge did not abuse her discretion in dismissing the appeal for failure to prosecute.  We find no support in the record for the appellant's assertion that the administrative judge, without providing him notice, changed the time of the status conference.  Both the administrative judge and the agency's representative state that the time of the status conference call never changed.  ID at 2; PFR File, Tab 3 at 4-5.  Several of the appellants in the consolidated appeal attended the status conference.  CAF, Tab 7.  The petition for review includes what the appellant proffers as a picture of the administrative judge's order scheduling the status conference.  PFR File, Tab 1 at 3-4.  The picture does not include the entire order.  The time that the status conference was

scheduled is not included in the portion of the order the appellant has submitted. In any event, we have reviewed the record, including the order scheduling the status conference, and find no evidence that the time of the teleconference changed, as alleged by the appellant.

¶9        The appellant did not raise arguments contesting the agency's furlough decision or raise affirmative defenses, as required by the administrative judge's December 18, 2014 furlough procedures order and her December 22, 2014 notice to the appellants.  CAF, Tabs 1, 3.  He also failed to participate in the status conference.  His response to the administrative judge's show cause order did not present good cause for his failure to participate in the status conference or respond to the December 22, 2014 notice.  *See* IAF, Tab 5.  Based on the foregoing circumstances, we find no abuse of discretion in the administrative judge's imposing sanctions based upon the appellant's failure to exercise due diligence in prosecuting his appeal, and we AFFIRM the dismissal, with prejudice, for failure to prosecute.  *See Ahlberg v. Department of Health & Human Services*, 804 F.2d 1238, 1242 (Fed. Cir. 1986) (presiding official justifiably and properly dismissed an appeal for failure to prosecute based on the appellants' failure to make any submission in response to two orders directing them to clarify their claims).

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro See Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services

provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                              _____
                                           William D. Spencer
                                           Clerk of the Board

Washington, D.C.